UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
DEBRA C. KASMIRE

                    Plaintiff,          07-CV-0144

        v.                          **DECISION**
                                                         **and ORDER**
MICHAEL J. ASTRUE,
Commissioner of Social Security

                    Defendant.
_____

     This action was initially brought pursuant to 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security (the "Commissioner") which denied plaintiff, Debra C. Kasmire's ("plaintiff") claim for Disability Insurance Benefits payments pursuant to Title II of the Social Security Act. The matter was referred to Magistrate Judge Jeremiah J. McCarthy on May 16, 2007 by Chief Judge Richard J. Arcara to make a determination of the factual and legal issues presented and to prepare and file a Report and Recommendation ("R&R") containing a recommended disposition of the issues raised.[1]

## BACKGROUND

     Plaintiff brought this action on March 8, 2007 to challenge the determination of the Commissioner who found that she was not disabled within the meaning of the Social Security Act. Thereafter both the defendant and plaintiff moved for judgment on the

---

[1] Judge Arcara later reassigned the case to this Court on November 12, 2008.

pleadings and the parties submitted memoranda to Judge McCarthy who recommended that defendant's motion for judgment on the pleadings be denied, that plaintiff's cross-motion be granted and that the case be remanded to the Commissioner for further proceedings consistent with Judge McCarthy's decision. In the R&R dated December 18, 2008, Judge McCarthy found that the ALJ did not follow the requirements for evaluating the opinions of plaintiff's treating physician, and failed to properly assess plaintiff's credibility. He therefore recommended that this case be remanded for more detailed consideration. See R&R, pp. 24-29. In addition, Judge McCarthy also recommended that "the further proceedings before the ALJ be completed within 60 days of the entry date of this order and, if that decision is a denial of benefits, a final decision of the Commissioner be rendered within 60 days of plaintiff's appeal from the ALJ's decision." See id.. p. 29. Judge McCarthy further stated that "[i]f these deadlines are not observed, the Commissioner must make an immediate calculation of benefits then owed plaintiff." See id.

The Commissioner makes a limited objection to the Judge's R&R requesting that this Court decline to adopt a time limit for the completion of subsequent proceedings on remand. The Commissioner objects to the Judge's recommendation for a time-limited remand because Second Circuit law does not authorize calculation of benefits based on failure to adhere to time limits when a case is

remanded for more detailed consideration. See Objections to the R&R, pp. 3-8; see also Butts v. Barnhart, 388 F.3d 377 (2d Cir.2004), modified on rehearing, 416 F.3d 101 (2d Cir.2005) (Second Circuit clarified that its holding with respect to the district court's authority to order a benefits calculation if the time limits are not met "is limited to cases where the claimant is entitled to benefits absent the Commissioner's providing expert vocations testimony about the availability of appropriate jobs").

In light of the opinion after rehearing in the Butts case, and upon consideration of the Commissioner's Objections to Judge McCarthy's R&R, I find that the time limits imposed by Judge McCarthy on remand as set forth in the R&R should not be adopted. However, this Court finds that all other aspects of the R&R, which the Commissioner does not object to, and which is supported by the record, is adopted by this Court.

## DISCUSSION

The standard of review for courts reviewing administrative findings regarding disability benefits, 42 U.S.C. §§ 401-34 and 1381-85, is whether the Administrative Law Judge's findings are supported by substantial evidence. See Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence requires enough evidence that a reasonable person could "accept as adequate to support a conclusion" See Consolidated Edison Vo. V. Nat'l Labor Relations Bd. 305 U.S. 197, 229 (1938). See also, Melville v. Apfel, 198 F3d

45, 51-52 (2d Cir. 1999) ["Courts are required to uphold the decision unless it is not supported by substantial evidence or is based on an error of law."]

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate" and may adopt those parts of the R&R to which no specific objection is raised, so long as such are not clearly erroneous. See 28 U.S.C. § 636(b)(1)(C). With respect to those portions of the R&R to which specific objections have been made, a de novo review is required. 28 U.S.C. § 636(b)(1)(C). Further, objections to an R&R in this District must comply with the Local Rules of Civil Procedure (L. R. Civ. P.) 72.3(a)(3) which provides in pertinent part that "objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."

The R&R contains a detailed examination and analysis of the evidence presented to the ALJ. Judge McCarthy found that the ALJ failed to give the appropriate weight to the opinion of plaintiff's treating physician, Dr. Myron L. Glick, resulting in erroneous findings concerning the impact of plaintiff's obesity on her other impairments and her ability to perform work in the national economy. See R&R, pp. 24-26. In addition, Judge McCarthy found that the ALJ did not address the combined effect of plaintiff's obesity

on her impairments, including her arthritis of the hips, right pelvis, knees and left hip, lumbar spine strain and degenerative disc disease of the cervical spine, as he was required to pursuant to Social Security Ruling ("SSR") 02-1p. Judge McCarthy also concluded that the ALJ failed to properly assess plaintiff's credibility because he did not specifically address plaintiff's testimony. See id. In this regard, Judge McCarthy found that plaintiff's testimony on this issue was critical because the vocational expert stated that an individual would not be able to perform work if they required a lying down option for 30 minutes or reclining every three hours. Judge McCarthy stated that the ALJ's failure to properly evaluate plaintiff's credibility on that issue required a remand. See id.

Judge McCarthy recommended, based on all the above factors, that the case be remanded for further consideration of Dr. Glick's opinion concerning plaintiff's obesity, the effect of plaintiff's obesity on her other impairments, and further evaluation of plaintiff's credibility. See id., pp. 24-28. As noted above, the Commissioner does not object to this portion of Judge McCarthy's R&R and as such I adopt this portion of Judge McCarthy's R&R.

The R&R, however, also recommended that the proceedings before the ALJ be completed within 60 days, with a final decision to be rendered within 60 days of plaintiff's appeal from the ALJ's decision, and further recommended that if these deadlines are not

observed, the Commissioner must make an immediate calculation of benefits then owed to plaintiff. See id., p. 29 (relying on Disarno v. Astrue, 2008 WL 1995123 (W.D.N.Y., May 6, 2008)). The Commissioner objects to this specific portion of the R&R and requests that this Court not impose a deadline as to when plaintiff's case must be completed, and not order a sanction in the event that any deadline is not met. See Objections to the R&R, pp. 3-8.

In considering the opinion after rehearing in Butts v. Barnhart, and upon review of the Commissioner's Objections to Judge McCarthy's R&R, this Court finds that the sanctions proposed by Judge McCarthy on remand as set forth in the R&R are not adopted. See Butts, 388 F.3d 377, mod. on reh'g, 416 F.3d 101. In recommending that deadlines be imposed on the Commissioner, Judge McCarthy relied on the May 6, 2008 Decision and Order in Disarno v. Astrue, in which Judge Curtin of this Court imposed deadlines on the Commissioner for the completion of administrative proceedings. However, by Order dated September 29, 2008, Judge Curtin rescinded his directive to the Commissioner to make an immediate calculation of benefits if the deadlines were not observed on grounds that such an order is contrary to the holding of the Butts case. See Disarno v. Astrue, 06-CV-0461, JTC (September 29, 2008) ("Disarno II"). Nevertheless, Judge Curtin modified the time limitations imposed upon remand due to concerns about "the likelihood of additional

delay in [the] already lengthy administrative process[.]" See id. at 2. Thus, while the Court does not adopt Judge McCarthy's recommendation regarding a proposed sanction if time limits are not met, it will adopt the R&R's admonition that the Commissioner must complete the proceedings on remand within a restricted time frame based on Disarno II and the modifications allowed in the Butts case after the rehearing. It is worthy to note that plaintiff's initial application for DIB dates back to April 30, 2001, and that her application was finally denied on February 3, 2007 upon the Appeals Council's denial of plaintiff's request for review after a second hearing before the ALJ on June 1, 2005. (T. 353-355)

## CONCLUSION

For the foregoing reasons, and based upon a de novo review of the record, this Court adopts in-part and denies in-part the recommendation of Judge McCarthy.

Accordingly, it is hereby ordered that the Commissioner's objection regarding the time limit for completion of subsequent proceedings is granted. This Court finds that all other aspects of the R&R, which the Commissioner does not object to, and which are supported by the record, are adopted by this Court. The Commissioner's motion for judgment on the pleadings is denied, and the plaintiff's cross-motion for judgment on the pleadings is granted, and the case is remanded to the Commissioner for further proceedings in accordance with this decision.

Accordingly, the Court directs that upon remand the proceedings before the ALJ must be completed within 120 days from the date of entry of this order. The appellate time remains unmodified. If the ALJ's decision is a denial of benefits, a final decision of the Commissioner must be rendered within 60 days of plaintiff's appeal from the ALJ's decision.

**ALL OF THE ABOVE IS SO ORDERED.**

s/Michael A. Telesca
MICHAEL A. TELESCA
United States District Judge

Dated:   Rochester, New York
         January 9, 2009